# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEWANN BULLS,** | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 18-730 |
| v. | ) |
| **FBI**, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Dewann Bulls ("plaintiff"), *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that names as defendant the "FBI," ("defendant") otherwise known as the Federal Bureau of Investigation.

This court granted plaintiff leave to proceed *in forma pauperis* based upon his showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990) ("[T]he appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint."). Additionally, under Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any

1

time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court must dismiss the complaint preservice if it fails to state a claim on which relief can be granted, applying the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

The statement in the complaint of plaintiff's claim against defendant is written in a stream of consciousness style and alleges that:[2]

- without a warrant the FBI placed hidden microphones in compact fluorescent bulbs, hidden cameras inside wall sockets, and an alarm system and other "illegal" "FBI devices" in his residence;
- the FBI somehow blocked him from obtaining legal representation to fight his eviction from his residence;
- a sheriff did not allow him to retrieve the FBI illegal devices from his residence when he was evicted and also indicated he would be arrested for assault for bumping the sheriff during the eviction;
- the FBI used its influence to get the Allegheny County Jail to put a medical hold on him, proper protocol was not used once a medical hold was placed on him at the jail, and he was placed in the general population for six months instead of being taken to the mental health unit;
- while in the general population, government agents harassed him, including an undercover federal agent in a wheelchair, whom plaintiff told "in his face over 30 times HE IS A FEDERAL AGENT!!!;"
- plaintiff refused medication and was sent to Torrance State Hospital, from which he was released with post-traumatic stress disorder;
- plaintiff occasionally received random calls on his government issued free telephone coming from out of town area codes and when he answered the caller would hang up, which he "figured out" was the FBI's attempt to frame him and make it appear he was dealing drugs because the FBI "can make up any conspiracy they [choose];"
- on one occasion when he was outside on his "stoop in the morning to get fresh air" the FBI orchestrated the whole neighborhood to wear black and randomly refer to him as "Boss" or make "overt signal[s] like rub their stomach or pat [their] head" to be recorded on the FBI installed cameras to frame him as a drug dealer; and
- a parcel was delivered to his door containing a pair of shorts "wrapped up like it was her[oin]," and when he called the police to retrieve it he asked if he could have a copy of the police report, but subsequently the police indicated there was no report and that he was not allowed to file one.

---

[2] The complaint also refers to a prior civil rights suit in 2015, which appears to be a reference to the previous suit by plaintiff against the FBI, which was dismissed with prejudice. Dewann Bulls v. FBI, Civ. Act. No. 15-1344 (W.D. Pa. Nov. 10, 2015) (ECF No. 5).

3

(ECF No. 5 at 8-12). Plaintiff also filed with the court as exhibits in support of his complaint photos of various items, including the internal electrical components of fluorescent light bulbs, a television remote, cable boxes, a wall socket and various other electronic devices. (ECF Nos. 6 and 7).

Upon review of the complaint, and giving it the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), the court determines it fails to state a claim. The Court of Appeals for the Third Circuit in affirming the dismissal of claims brought against the FBI in Smith v. Luzerne County FBI Agency, 517 F. App'x 65 (3d Cir. 2013), observed:

> Smith's complaint fails to state a cause of action to the extent that Smith intended to bring a suit against the FBI. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citations omitted). Here, there are no allegations that the United States waived immunity. Therefore, Smith has not stated a viable claim against the defendant.

517 F. App'x at 66-67. Plaintiff provided no allegations that the United States waived immunity and therefore, the complaint must be dismissed for failure to state a claim. Additionally, the court determines that the allegations are fantastic and delusional, and thus baseless, Neitzke 490 U.S. at 328, and will dismiss the complaint as frivolous as well.

Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, amendment would be futile and the court may dismiss the complaint without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). The court determines that there are no additional facts plaintiff could plead that would overcome the deficiencies in his complaint. Accordingly, the court will dismiss the complaint without leave to amend.

An appropriate order follows.

Dated: October 15, 2018                                By the court,


                                                       s/ Joy Flowers Conti
                                                       Joy Flowers Conti
                                                       Chief United States District Judge

cc:     DeWann Bulls
        705 Lorenze Ave., Apt. 1
        Pittsburgh, PA 15220